Wayne **HUTCHINSON**, Plaintiff,

v.

Richard W. **MCCABEE**, Thomas G. Goff, Anthony Amicucci and Westchester County, Defendants.

No. 95 CIV 5449 JFK.

United States District Court, S.D. New York.

April 24, 2001.

*MEMORANDUM OPINION AND ORDER*

KEENAN, District Judge.

Before the Court is Defendants' post-trial motion seeking judgment as a matter of law, pursuant to Fed.R.Civ.P. 50(b), or in the alternative, for an order granting a new trial pursuant to Fed.R.Civ.P. 59(b).

---

For the reasons discussed below, Defendant's motion is denied in its entirety.

### Background

On November 6, 1994, Plaintiff Wayne Hutchinson ("Hutchinson"), who was incarcerated at the Westchester Correctional Facility awaiting resolution of a charge that he had escaped from the Otisville Prison Camp, was attacked by a fellow inmate, Junior Vasquez ("Vasquez"). Upon returning from recreation Hutchinson had noticed that some of his personal items were missing from his cell and had asked Vasquez and his cellmate, Stephen Cortalano ("Cortalano"), if they had seen anyone going into his cell. They were hostile, but Hutchinson told them he was not accusing them of the theft and left to ask Corrections Officer Green ("Green") if he had seen anyone entering his cell. While Hutchinson was talking to Green, Vasquez came up from behind and attacked Hutchinson, right in front of Green, punching Hutchinson in the face and kicking him. Hutchinson testified that Cortalano stood by during the attack as "backup." See Tr. at 46.

Defendant Sergeant Richard W. McCabee ("McCabee"), a sector supervisor assigned to Hutchinson's floor, escorted Hutchinson to the prison infirmary for first aid treatment and questioned him about the attack. Hutchinson refused, despite McCabee's urgings, to identify either his assailant or any other inmates who might pose a continued threat because he felt that it would be dangerous to "rat" on fellow inmates. See id. at 48–49, 51–52. Hutchinson asked McCabee to transfer him to another cell block or place him in protective custody, saying he feared the other inmates would "kill him." See id. at 49–50. McCabee refused this request and Hutchinson was returned to his cell without being placed in protective custody.

McCabee, who testified that he had no memory of the incident, maintained at trial that it was reasonable to return Hutchinson to his cell block since the assailant was going to be removed from the cell block and no other inmates had been identified as potential threats. Hutchinson had, however, signed a paper, at McCabee's insistence, stating that two inmates had been involved in the attack. See id. at 49. As sector supervisor, McCabee could have ordered that Hutchinson be placed in protective custody. After Hutchinson returned to his cell Vasquez was transferred to a different cell block. A few hours later, when his cell was open during recreation, Hutchinson was attacked in his cell by Cortalano and another inmate and sustained serious injuries to his face, shoulder and neck which required nine days of hospitalization.

After a 5 day trial, the jury found that the Plaintiff had proven that McCabee was deliberately indifferent to a serious risk of injury to Hutchinson when McCabee returned Hutchinson to his cell following the first assault, that McCabee's conduct was a substantial factor in causing Hutchinson's injuries, and that McCabee's failure to protect Hutchinson led to injuries serious enough to constitute a deprivation of Hutchinson's Eighth Amendment rights. Plaintiff was awarded a total of $392,000, which included $225,000 for future lost earnings and $120,000 for past and future pain and suffering. The jury further found Defendant Westchester County was not liable for failure to train McCabee to evaluate protective custody requests. McCabee now argues that there was insufficient evidence for the jury to make these findings, and moves for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), or in the alternative, for an order granting a new trial pursuant to Fed. R.Civ.P. 59(b).

## Legal Standards

A district court may grant a Rule 50 motion for judgment as a matter of law "only if it can conclude that, with ... all inferences drawn against the moving party, a reasonable juror would have been compelled to accept the view of the moving party." *Piesco v. Koch,* 12 F.3d 332, 343 (2d Cir.1993); *see also Sir Speedy, Inc. v. L & P Graphics, Inc.,* 957 F.2d 1033, 1038–39 (2d Cir.1992). The court cannot "substitute its judgment for that of the jury," *Mattivi v. South African Marine Corp.,* 618 F.2d 163, 167 (2d Cir.1980); a jury's verdict may be overturned only when

> "there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or ... there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Id.,* at 168.

A Rule 59 motion setting aside a jury's verdict and granting a new trial, on the other hand, should not be granted unless the jury's verdict was "seriously erroneous." *Piesco,* 12 F.3d at 343–45.

■ Despite McCabee's contentions, the Court finds that the evidence presented did not compel a verdict in his favor, nor was the jury's verdict seriously erroneous. A plaintiff alleging deliberate indifference must establish that he was "incarcerated under conditions posing a substantial risk of serious harm [and] that the defendant prison officials ... [had] knowledge [of that] risk ... and ... disregard[ed][it] by failing to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corrections,* 84 F.3d 614, 620 (2d Cir.1996). First of all, the Court finds that there was sufficient evidence on the record for a reasonable jury to determine that returning Hutchinson to his cellblock without protective custody posed a substantial risk of serious harm. Hutchinson had already been attacked after confronting two inmates regarding property allegedly stolen from his cell; the threat against Hutchinson was not removed by transferring only one of those inmates from the cellblock. Hutchinson feared he would be in danger if he were returned to his cell, and the very fact that he was attacked again within a few hours illustrates that his fears were well founded.

Furthermore, there was sufficient evidence on the record for a reasonable jury to conclude that McCabee had sufficient information to be aware of the potential threat, and that he acted with deliberate indifference when he returned Hutchinson to his cell unprotected. While Hutchinson did not provide McCabee with the names of his assailants, he had signed a paper stating that there were two inmates involved; Hutchinson told McCabee that he felt threatened by the inmates remaining on the cellblock and requested McCabee to transfer him or place him in protective custody. A reasonable jury could easily find that McCabee had enough information to recognize the potential threat facing Hutchinson and that he should have at the very least have offered Hutchinson protection while an investigation was conducted to determine the nature and extent of that threat.

■ Defendant further argues that the jury's verdict should be set aside because the damages awarded were impermissibly speculative. McCabee maintains first that the jury erred when it awarded $120,000 for past and future pain and suffering because Plaintiff never proved the injury to his nose was caused by the second rather than the first assault. The Court need not examine the sufficiency of Plaintiff's proof on this point since the jury never indicated what proportion of the

award, if any, related to Hutchinson's injury to his nose. Hutchinson suffered a terrible beating in the second assault; he sustained serious injuries to his shoulder, face, neck, and nose and was hospitalized for nine days. The Court's special interrogatory asked the jury to fix damages for past and future pain and suffering without specifying particular injuries, and the Defendant did not object to that interrogatory. There is no basis for this Court to ascertain whether the jury even considered Plaintiff's nose injury when determining damages. The Defendant has simply not shown that the jury's award for past and future pain and suffering was unreasonable in light of the facts on the record or that the calculation was "seriously erroneous." Similarly, given the fact that Hutchinson's shoulder injury has rendered him unable to return to his previous employment in the construction industry, the jury's award of $225,000 for past and future loss of earnings was neither speculative nor excessive, amounting as it does to a mere $12,500 per year.

Throughout the trial, this jury was both conscientious and attentive. The jurors deliberated over two days, ultimately finding Defendant Westchester County not liable while finding that Defendant McCabee was deliberately indifferent to a serious risk of injury to Hutchinson when McCabee returned Hutchinson to his cell following the first assault, that McCabee's conduct was a substantial factor in causing Hutchinson's injuries, and that McCabee's failure to protect Hutchinson led to injuries serious enough to constitute a deprivation of Hutchinson's Eighth Amendment rights. McCabee has failed to demonstrate that a reasonable jury could not have reached the verdict reached by the jury in this case, so Defendant's Rule 50(b) motion must be denied; in addition, McCabee has failed to demonstrate that the jury's verdict was seriously erroneous, so

his motion for a new trial must be denied as well.

**SO ORDERED.**